UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ALAN D. ZANGER,                                   Case No. 11Civ.7483

                         Plaintiff,

          - against -

                                                  **COMPLAINT**

CBS CORPORATION, CBS TELEVISION
DISTRIBUTION, CBS STUDIOS, INC.,
CBS NEWS, INC. and DOES 1- 10,                    **TRIAL BY JURY DEMANDED
                                                  PURSUANT TO FED. R. CIV. P.**
                         Defendants.              **38(b)**
-----------------------------------------------------------X

          The Plaintiff, ALAN D. ZANGER, by his attorney, LAW OFFICES OF NICHOLAS A.

PENKOVSKY, P.C., alleges as follows:

## JURISDICTION and VENUE

          1.       This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, et seq., This

court has original and exclusive jurisdiction of these claims pursuant to 28 U.S.C. §§ 1331 and

1338 for copyright infringement.

          2.       Venue is proper in this district court pursuant to 28 U.S.C. §§ 1391(b) and

1400(a).

## THE PARTIES

          3.       At all times hereinafter mentioned, plaintiff ALAN D. ZANGER, (hereafter

"plaintiff") was and still is an individual residing in the State of California, County of Los

Angeles.

          4.       At all times hereinafter mentioned, upon information and belief defendant CBS

CORPORATION (hereafter "CBS") was and still is a domestic corporation with offices in the

State of New York, County of New York.

5.      At all times hereinafter mentioned, upon information and belief  CBS was and still is a foreign corporation with offices in the State of New York, County of New York.

6.      At all time hereinafter mentioned, upon information and belief, CBS was and still is engaged in the business of producing, marketing, and distributing television programs throughout the United States and the world, including the television program *The Insider* and *The Early Show* and has distributed the television programs *The Insider* and *The Early Show* through network broadcast, cable, internet television and other means to the public in the State and County of New York and throughout the United States and the World for a profit.

7.      At all times hereinafter mentioned, upon information and belief, CBS also transacts business through the use of subsidiary corporations including the defendants CBS TELEVISION DISTRIBUTION, CBS STUDIOS, INC. and CBS NEWS, INC.

8.      At all times mentioned, upon information and belief, CBS transacts or has transacted business within this judicial district for monetary profit and other gain and benefit, and is subject to the jurisdiction of this Court.

9.      At all times hereinafter mentioned, upon information and belief, defendant CBS TELEVISION DISTRIBUTION (hereafter "CTD") was and still is a domestic corporation with offices in the State of New York, County of New York and is a wholly owned subsidiary of CBS.

10.     At all times hereinafter mentioned, upon information and belief, CTD was and still is a foreign corporation with offices in the State of New York, County of New York and is a wholly owned subsidiary of CBS.

11.     At all times hereinafter mentioned, upon information and belief, CTD was and

still is a television syndication company that produces and distributes television programs including the television programs *The Insider* and *The Early Show.*

12.     At all times hereinafter mentioned, upon information and belief, CTD was and still is engaged in the business of producing, marketing, and distributing television programs throughout the United States and the world, including the television program *The Insider* and *The Early Show* and has distributed the television program *The Insider* and *The Early Show* through broadcast, cable, internet television and other means to the public in the State and County of New York and throughout the United States and the World for a profit.

13.     At all times mentioned, upon information and belief, CTD transacts or has transacted business within this judicial district for monetary profit and other gain and benefit, and is subject to the jurisdiction of this Court.

14.     At all times hereinafter mentioned, upon information and belief, defendant CBS STUDIOS, INC. (hereafter "CSI"), was and still is, a domestic corporation with offices in the State of New York, County of New York and is a wholly owned subsidiary of CBS.

15.     At all times hereinafter mentioned, upon information and belief , CSI was and still is a foreign corporation with offices in the State of New York, County of New York and is a wholly owned subsidiary of CBS.

16.     At all times hereinafter mentioned, upon information and belief, CSI was and still is a supplier of television network programming and is the producer and distributor of numerous television programs including the television program *The Insider* and *The Early Show*.

17.     At all time hereinafter mentioned, upon information and belief, CSI was and still is engaged in the business of producing, marketing, and distributing television programs

3

throughout the United States and the world, including the television program *The Insider* and *The Early Show* and has distributed the television program *The Insider* and *The Early Show* through broadcast, cable, internet television and other means to the public in the State and County of New York and throughout the United States and the World for a profit.

18.     At all times mentioned, upon information and belief, CSI transacts or has transacted business within this judicial district for monetary profit and other gain and benefit, and is subject to the jurisdiction of this Court.

19.     At all times hereinafter mentioned, upon information and belief, defendant CBS NEWS, INC.(hereafter "CNI") was and still is a domestic corporation with offices in the State of New York, County of New York and is a wholly owned subsidiary of CBS.

20.     At all times hereinafter mentioned, upon information and belief, CNI was and still is a foreign corporation with offices in the State of New York, County of New York and is a wholly owned subsidiary of CBS.

21.     At all times hereinafter mentioned, upon information and belief, CNI was and still is a publishing and television news production and distribution company that produces and distributes television news programs including the television program *The Early Show*.

22.     At all times hereinafter mentioned, upon information and belief, CNI was and still is engaged in the business of producing, marketing, and distributing television news programs throughout the United States and the world, including the television program *The Early Show* and has distributed the television program *The Early Show* through broadcast, cable, internet television, and other means to the public in the State and County of New York and throughout the United States and the World for a profit.

4

23.     Plaintiff is ignorant of the true names and capacities of the Defendants sued as DOES 1 through 10 inclusive, (the "Unknown Defendants") and therefore sues said Unknown Defendants by said fictitious names. Plaintiff will ask the Court to amend the Complaint to show the true names and capacities of all Unknown Defendants when the same have been ascertained. Upon information and belief, Plaintiff alleges that at all relevant times the Unknown Defendants, alone or in concert, individually or through corporate, affiliate and/or other business relationships have infringed Plaintiff's copyright in his Photographs by copying, displaying, publishing and distributing same.

24.     This cause of action arises from conduct by the respective Defendants within the State of New York and in this judicial district.

## ALLEGATIONS AS TO ALL COUNTS

25.     Plaintiff incorporates by reference the allegations contained in Paragraphs "1" through "24" of his Complaint as if fully set forth herein.

26.     At all times hereinafter mentioned Plaintiff was and is engaged in the business of photojournalism specializing in producing photographs and videotapes of newsworthy individuals and events.

27.     Plaintiff produces his photographs and videotapes for licensing and publication by various news organizations and publications which news organizations and publications then, in turn, publish Plaintiff's photographs and videotapes pursuant to said licenses from Plaintiff thereby making Plaintiff's photographs and videotapes available for sale to, and viewing by, the public throughout this judicial district, the United States and the World.

28.     Plaintiff is renowned in the news industries for his abilities to obtain exclusive

5

photographs and videotapes of newsworthy individuals and events.

29.   On or about October 14, 2008, Plaintiff created two (2) collections of original photographs of Reille Hunter and her baby.

30.   At the time plaintiff created his collections of photographs numerous news stories including those developed by the defendants herein began to circulate speculating that Ms. Hunter was the mistress of the former vice-presidential candidate and United States Senator from North Carolina, John Edwards, and that the baby born to Ms. Hunter and shown in plaintiff's collections of photographs was fathered by Senator Edwards.

31.   Sometime in 2010 and more than one year after plaintiff created his collections of photographs, Senator Edwards admitted that he had and Ms. Hunter were the parents of the baby shown in plaintiff's collections of photographs.

32.   Plaintiff's collection of original photographs of Reille Hunter and her baby is entitled "Reille Hunter As She Leaves 'MY GYM CHILDREN'S FITNESS CENTER' With Her Baby and Bodyguard, A Collection of Four Photographs" (hereafter "Reille Hunter and Baby Collection ").

33.   Plaintiff has complied in all respects with the Copyright Laws and has secured the exclusive rights and privileges in and to the Copyright in the Reille Hunter with Baby Collection. The Register of Copyrights has duly issued Plaintiff a Certificate of Copyright Registration for the Reille Hunter with Baby Collection, namely Registration No. VA 1-655-978, effective January 9, 2009. A copy of said Certificate is annexed as Exhibit "A."

34.   Plaintiff has always been, and is now, the owner of all rights, title and interest in and to the Reille Hunter with Baby Collection and the Copyright therein, and said Copyright was

and is valid and subsisting and in full force and effect.

35.     Plaintiff initially entered into an exclusive licensed with the New York Post for publication to the public of the Reille Hunter with Baby Collection and certain photographs from the Reille Hunter with Baby Collection were published by the New York Post on or about October 19, 2008 in its Sunday Magazine section.

36.     Beginning on October 20, 2008, plaintiff began marketing his Reille Hunter with Baby Collection to other media outlets for potential licensing in print, television, internet and other media outlets.

37.     On or about October 20, 2008, plaintiff contacted *The Insider* for purposes of determining  whether *The Insider* wanted to license his Reille Hunter with Baby Collection and pursuant to a request from *The Insider* plaintiff delivered two of the photographs from his Reille Hunter with Baby Collection to *The Insider* for evaluation purposes.

38.     After *The Insider* expressed initial interest in licensing plaintiff's Reille Hunter with Baby Collection, *The Insider* failed to respond to plaintiff's further communications concerning licensing his Reille Hunter with Baby Collection.

39.     *The Insider* never entered into any agreement with plaintiff for the licensing or use of plaintiff's Reille Hunter with Baby Collection in any medium.

40.     On or about October 20, 2008, plaintiff contacted King World Productions' news and entertainment television program *Inside Edition* for purposes of determining  whether *Inside Edition*  wanted to license his Reille Hunter with Baby Collection and pursuant to a request from *Inside Edition* plaintiff delivered his Reille Hunter with Baby Collection to *Inside Edition* for evaluation purposes.

7

41. On or about October 20, 2008, plaintiff entered into an agreement with King World Productions' news and entertainment television program *Inside Edition* for *Inside Edition* to license his Reille Hunter with Baby Collection for one time broadcast usage on *Inside Edition*.

42. On or about October 20, 2008, plaintiff contacted the magazine *Us Weekly* for purposes of determining whether *Us Weekly* wanted to license his Reille Hunter with Baby Collection and pursuant to a request from *Us Weekly* plaintiff delivered his Reille Hunter with Baby Collection to *Us Weekly* for evaluation purposes.

43. On or about October 20, 2008, plaintiff entered into an agreement with *US Weekly* for *US Weekly* to license his Reille Hunter with Baby Collection for one time usage only in the print edition of *US Weekly* in its November 3, 2008 issue.

## COUNT I
## COPYRIGHT INFRINGEMENT AGAINST CBS, CTD, and CSI

44. Plaintiff incorporates by reference the allegations contained in Paragraphs "1" through "43 of his Complaint as if fully set forth herein.

45. On October 23 and October 25, 2008, and on other days to be determined after an accounting, defendants CBS, CTD and CSI reproduced, distributed, and displayed publicly the two photographs from plaintiff's Reille Hunter Baby Collection that plaintiff had delivered to *The Insider* for evaluation purposes by broadcasting same on the television program *The Insider* broadcast on the CBS network and its affiliates throughout the country and in this jurisdiction.

46. Upon information and belief, with full knowledge of Plaintiff's rights, CBS, CTD and CSI  infringed Plaintiff's Copyright in his Reille Hunter with Baby Collection, Copyright Registration VA 1-655-978, on October 23 and October 25, 2008 and on other days to be

determined after an accounting reproducing, distributing, and displaying publicly the two

photographs from plaintiff's Reille Hunter Baby Collection that plaintiff had delivered to *The*

*Insider* for evaluation purposes by broadcasting same on the television program *The Insider*

broadcast on the CBS network and its affiliates and upon information and belief other means and

methods throughout the country and in this jurisdiction.

47.    Upon information and belief the aforementioned reproductions, displays and

distributions were for profit and occurred in a large geographical and populous region including

within this judicial district.

48.    On or about March 10, 2010, Plaintiff through his counsel, sent by fax and

certified return receipt requested mail, a cease and desist letter to CBS notifying CBS that CBS

had no authority or consent to use or to continue to use plaintiff's Reille Hunter with Baby

Collection, and seeking an accounting for all usages of said photographs by CBS.

49.    Despite notice to cease and desist and to account for all usage, CBS and its

subsidiaries have failed to account for such usages or agree to cease and desist from any further

usage of plaintiff's Reille Hunter with Baby Collection.

50.    The use by CBS, CTD and CSI of plaintiff's Reille Hunter with Baby Collection

has been without the consent of plaintiff.

51.    Plaintiff's Reille Hunter with Baby Collection is a valuable copyrighted property

in that the plaintiff's Reille Hunter with Baby Collection provides photographic evidence to

defendants and other news agencies that Senator Edward's mistress had given birth to a child and

led the senator to admit that he had fathered a baby with Ms. Hunter. These photographs and the

event generated great publicity and is of great interest to the public at large.  Plaintiff has

zealously and deliberately licensed his Reille Hunter with Baby Collection to various news outlets so that Plaintiff and his licensees can maximize the public distribution of plaintiff's Reille Hunter with Baby Collection and also to enable Plaintiff to profit from his copyrighted plaintiff's Reille Hunter with Baby Collection.

52.     Upon information and belief, CBS, CTD and CSI's acts of infringement were and are deliberate and continuing, and were and are greatly and irreparably damaging to Plaintiff and will continue to damage Plaintiff unless restrained by this Court.

53.     CBS, CTD and CSI failed to provide plaintiff with the industry's practice, custom and usage of a credit in *The Insider* for the use of plaintiff's Reille Hunter with Baby Collection and as a result, plaintiff is entitled to enhanced damages for said failure.

54.     CBS, CTD and CSI's acts constitute willful copyright infringement under the Copyright Laws, 17 U.S.C. §§ 501 et seq.

55.     Plaintiff is without adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of CBS, CTD and CSI  plaintiff has been damaged in an amount thus far not determined.

## COUNT II
### COPYRIGHT INFRINGEMENT AGAINST CBS, CTD, CSI, and CNI

56.     Plaintiff incorporates by reference the allegations contained in Paragraphs "1" through "55" of his Complaint as if fully set forth herein.

57.     On October 23, 2008, and on other days to be determined after an accounting, defendants CBS, CTD, CSI and CNI reproduced, distributed, and displayed publicly the two photographs from plaintiff's Reille Hunter Baby Collection that plaintiff had delivered to *The*

*Insider* for evaluation purposes by broadcasting same on the television program *The Early Show* broadcast on the CBS network and its affiliates throughout the country and in this jurisdiction.

58.     Upon information and belief, with full knowledge of Plaintiff's rights, CBS, CTD, CSI and CNI infringed Plaintiff's Copyright in his Reille Hunter with Baby Collection, Copyright Registration VA 1-655-978, on October 23, 2008 and on other days to be determined after an accounting reproducing, distributing, and displaying publicly the two photographs from plaintiff's Reille Hunter Baby Collection that plaintiff had delivered to *The Insider* for evaluation purposes by broadcasting same on the television program *The Early Show* broadcast on the CBS network and its affiliates and upon information and belief other means and methods throughout the country and in this jurisdiction.

59.     Upon information and belief the aforementioned reproductions, displays and distributions were for profit and occurred in a large geographical and populous region including within this judicial district.

60.     On or about March 10, 2010, Plaintiff through his counsel, sent by fax and certified return receipt requested mail, a cease and desist letter to CBS notifying CBS that CBS had no authority or consent to use or to continue to use plaintiff's Reille Hunter with Baby Collection, and seeking an accounting for all usages of said photographs by CBS and its subsidiaries.

61.     Despite notice to cease and desist and to account for all usage, CBS and its subsidiaries have failed to account for such usages or agree to cease and desist from any further usage of plaintiff's Reille Hunter with Baby Collection.

62.     The use by CBS, CTD, CSI and CNI of plaintiff's Reille Hunter with Baby

Collection has been without the consent of plaintiff.

63.     Plaintiff's Reille Hunter with Baby Collection is a valuable copyrighted property in that the plaintiff's Reille Hunter with Baby Collection provided photographic evidence to defendants and other news agencies that Senator Edward's mistress had given birth to a child and led the senator to admit that he had fathered a baby with Ms. Hunter. These photographs and the event generated great publicity and is of great interest to the public at large.  Plaintiff has zealously and deliberately licensed his Reille Hunter with Baby Collection to various news outlets so that Plaintiff and his licensees can maximize the public distribution of plaintiff's Reille Hunter with Baby Collection and also to enable Plaintiff to profit from his copyrighted plaintiff's Reille Hunter with Baby Collection.

64.     Upon information and belief, CBS, CTD, CSI and CNI's acts of infringement were and are deliberate and continuing, and were and are greatly and irreparably damaging to Plaintiff and will continue to damage Plaintiff unless restrained by this Court.

65.     CBS, CTD, CSI and CNI failed to provide plaintiff with the industry's practice, custom and usage of a credit in *The Insider* for the use of plaintiff's Reille Hunter with Baby Collection and as a result, plaintiff is entitled to enhanced damages for said failure.

66.     CBS, CTD, CSI and CNI's acts constitute willful copyright infringement under the Copyright Laws, 17 U.S.C. §§ 501 et seq.

67.     Plaintiff is without adequate remedy at law, and is suffering irreparable harm and damage as a result of the acts of CBS, CTD, CSI and CNI plaintiff has been damaged in an amount thus far not determined.

**WHEREFORE**, Plaintiff respectfully asks the Court to enter Judgment against the

12

respective Defendants as follows:

IN THE FIRST COUNT:

A.      That Defendants, their respective  its officers, agents and servants, and all persons in active concert and in participation with Defendants be enjoined during the pendency of this action and permanently enjoined thereafter from infringing the copyright or any other rights of Plaintiff in any manner whatsoever;

B.      That Defendants be required to present Plaintiff with an accounting of all uses made of Plaintiff's copyrighted Reille Hunter with Baby Collection;

C.      That Defendants be required to pay Plaintiff such damages as Plaintiff has sustained by virtue of Defendants' infringement, including damages for willful infringement of Plaintiff's copyright, and enhanced damages for failure to provide plaintiff with a credit for the use of his Reille Hunter with Baby Collection, or such damages as to the Court shall appear proper within the provision of the Copyright Laws of the United States of America Section 501 et seq.;

D.   That Defendants be required to pay Plaintiff any profits attributable to infringements of Plaintiff's copyright;

E.   That Defendants be required to pay Plaintiff statutory damages based upon Defendants' infringement, pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.;

F.      That Defendants be required to deliver up to be impounded during the pendency of this action, all copies in its possession or under its control infringing said copyright and to deliver up for destruction all infringing copies and all photographs, videotapes, plates, molds, negatives, computer disks, digital recordings and any other matter or materials, whether

13

electronic, digital or otherwise, for making such infringing copies as well as the copies themselves;

G.   That Defendants be required to account for all gains, profits, and advantages derived from its acts of infringement and for its other violations of law;

H.     That Defendants pay to Plaintiff the costs of this action and reasonable attorney's fees to be allowed to Plaintiff by the court, as provided under the Copyright Laws of the United States of America;

IN THE SECOND COUNT:

A.     That Defendants, their respective  its officers, agents and servants, and all persons in active concert and in participation with Defendants be enjoined during the pendency of this action and permanently enjoined thereafter from infringing the copyright or any other rights of Plaintiff in any manner whatsoever;

B.     That Defendants be required to present Plaintiff with an accounting of all uses made of Plaintiff's copyrighted Reille Hunter with Baby Collection;

C.     That Defendants be required to pay Plaintiff such damages as Plaintiff has sustained by virtue of Defendants' infringement, including damages for willful infringement of Plaintiff's copyright, and enhanced damages for failure to provide plaintiff with a credit for the use of his Reille Hunter with Baby Collection, or such damages as to the Court shall appear proper within the provision of the Copyright Laws of the United States of America Section 501 et seq.;

D.   That Defendants be required to pay Plaintiff any profits attributable to infringements of Plaintiff's copyright;

14

E.   That Defendants be required to pay Plaintiff statutory damages based upon Defendants' infringement, pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.;

F.      That Defendants be required to deliver up to be impounded during the pendency of this action, all copies in its possession or under its control infringing said copyright and to deliver up for destruction all infringing copies and all photographs, videotapes, plates, molds, negatives, computer disks, digital recordings and any other matter or materials, whether electronic, digital or otherwise, for making such infringing copies as well as the copies themselves;

G.   That Defendants be required to account for all gains, profits, and advantages derived from its acts of infringement and for its other violations of law;

H.      That Defendants pay to Plaintiff the costs of this action and reasonable attorney's fees to be allowed to Plaintiff by the court, as provided under the Copyright Laws of the United States of America;

IN ALL COUNTS:

A.      That Plaintiff have such other and further relief as the Court deems just and proper.

Dated: Bronx, New York
         October _21_, 2011

                              /s/
_____
NICHOLAS A. PENKOVSKY (NP 0134)
LAW OFFICES OF NICHOLAS A. PENKOVSKY, P.C.
ATTORNEYS FOR PLAINTIFF
314 West 231st Street, Suite 436
Riverdale, New York 10463
Telephone (347) 603-7676
Facsimile (347) 603-7676
Email: Nicholas_Penkovsky@yahoo.com